UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE BULLDOG, INC., BEER BUDS, LLC <br> VESSEL NOLA, LLC, EMERY E. DYER, III <br> And ALAN J. WEINER | * <br> * <br> * <br> * | CIVIL ACTION NO. |
| VERSUS | * <br> * | SECT.: |
| STARSTONE SPECIALTY INSURANCE <br> COMPANY, ARTHUR J. GALLAGHER <br> RISK MANAGEMENT SERVICES, LLC <br> AMWINS INSURANCE BROKERAGE, <br> LLC, JOHN P. OBRIEN and <br> WILLIAM JACKSON | * <br> * <br> * <br> * <br> * <br> * | MAG.: |

**************************************************************************

## NOTICE OF REMOVAL

**TO:**   Jacques C. Mestayer
Marcelle Robertson Mestayer, LLC
650 Poydras Street, Suite 2720
New Orleans, LA 70130

**PLEASE TAKE NOTICE** that Defendant, Amwins Insurance Brokerage, LLC (hereinafter referred to "Amwins" or "Defendant"), through undersigned counsel, respectfully removes this civil action from the Civil District Court for the Parish of Orleans, State of Louisiana, in which this case is now pending under the name and style *The Bulldog, Inc., Beer Buds, LLC, Vessel NOLA, LLC, Emery E. Dyer, III and Alan J. Weiner v. Starstone Specialty Insurance Company, Arthur J. Gallagher Risk Management Services, LLC, Amwins Insurance Brokerage, LLC, John P. Obrien and William Jackson,* case number 2023-9523, Division "M" (hereinafter referred to as the "State Court Action"), to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441. In support of this Notice of Removal, Defendant respectfully submits:

1.  28 U.S.C. §1441 provides that "any civil action, brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Pursuant to 28 U.S.C. §98(a), Orleans Parish is within this Honorable Court's judicial district.

2.  28 U.S.C. §1332 provides that "district courts shall have original jurisdiction of all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States …" As will be demonstrated i*nfra*, there is complete diversity between plaintiffs, The Bulldog, Inc., Beer Buds, LLC, Vessel NOLA, LLC, Emery E. Dyer, III and Alan J. Weiner (referred to as "Plaintiff"), and all properly named and served defendants Starstone Specialty Insurance Company, Arthur J. Gallagher Risk Management Services and Amwins Insurance Brokerage, LLC. Moreover, the alleged damages of Plaintiffs exceed the $75,000 amount in controversy requirement established by 28 U.S.C. §1332.

3.  On August 25, 2023, the Plaintiffs filed a Petition for Damages in the Civil Parish District Court for the Parish of Orleans, naming Starstone Specialty Insurance Company, Arthur J. Gallagher Risk Management Services and Amwins Insurance Brokerage, LLC, John P. Obrien and William Jackson as defendants. (Exhibit 1, Petition for Damages). Plaintiffs alleged that they sustained property damage to various immovable property located in Orleans Parish as a result of Hurricane Ida on August 29, 2021. (*See, e.g.*, *Id.*, ¶¶7, 9-11). Plaintiffs further alleged that Defendant Starstone Specialty Insurance Company is liable for its damages pursuant to a policy or policies of property insurance it issued to Plaintiff. Plaintiff further alleges that on behalf of Starstone, Defendant Amwins was the broker who interacted with Plaintiffs' agent Arthur J. Gallagher Risk Management Services, LLC. (*Id.*, ¶¶2-3, 17-26). Plaintiff contends that Defendants

John P. Obrien and William Jackson worked for Plaintiffs' insurance agent, Arthur J. Gallagher Risk Management Services, LLC, who obtained the property insurance issued by Starstone. (*Id.*, ¶¶2-3, 17-18). Plaintiffs allege that Obrien and Jackson worked with Plaintiffs after Hurricane Ida to handle Plaintiffs' claim and to address an alleged failure to obtain named storm coverage from Axis. (*Id.*, ¶¶42-45). Consequently, Plaintiff alleges that Obrien, Jackson and Amwins are liable, if the insurance policy from Starstone did not provide named storm coverage. (*Id.*, ¶¶59-67).

4. In accordance with Louisiana law, Plaintiffs did not identify the amount of their damages. Moreover, Plaintiffs did not allege that its damages were insufficient to support the exercise of federal jurisdiction over this matter as expressly allowed by Louisiana Code of Civil Procedure article 893(A)(1). However, Plaintiff alleges that Starstone's adjuster issued a report indicating that the total damage was over $800,000. (Exhibit 1, Petition ¶¶38, 41). Plaintiff additionally contends that it is entitled to penalties of at least 50% of the amount owed pursuant to La. R.S. 22:1892 and/or 22:1973. (*Id.*, ¶¶56, 69).

5. The Petition was served on Amwins through its agent for service of process on October 6, 2023. (Exhibit 1, Petition for Damages and Citations of Service). Starstone and Arthur J. Gallagher Risk Management Services, LLC were also served on October 6, 2023.

6. Plaintiff The Bulldog, Inc. is a Louisiana corporation with its principal place of business in Orleans Parish and is therefore a citizen of the State of Louisiana. (Exhibit 1, Petition ¶1). Plaintiff Beer Buds, LLC, is a Louisiana limited liability company with its domicile and principal place of business in Orleans Parish. (*Id.*, Exhibit 2, Secretary of State filing Beer Buds). Vessel NOLA, LLC is a Louisiana limited liability company with its domicile and principal place of business in Orleans Parish. (Exhibit 1, Petition, ¶1, Exhibit 3, Secretary of State filing Vessel NOLA). Upon information and belief, the sole members of Beer Buds and Vessel NOLA are:

Emery E. Dyer, III, Alan J. Weiner, Terry Boudreaux, Rocco Bonura and Wayne Robertson. (Exhibit 1, Petition ¶3; Exhibits 2 and 3, Secretary of State filings). Dyer and Weiner are citizens of Nevada. (Exhibit 1, Petition ¶1). Upon information and belief, Boudreaux is a citizen of Louisiana and Bonura is a citizen of Mississippi. (Exhibit 2 and 3, Secretary of State filings). Upon information and belief, Robertson is a citizen of Texas. (*Id.*). As a result, Vessel NOLA and Beer Buds are citizens of Louisiana, Nevada, and Texas.

7. Defendant, Starstone Specialty Insurance Company is a non-Louisiana corporation incorporated in the state of Delaware with its principal place of business in Morristown, New Jersey. It is therefore a citizen of Delaware and New Jersey.

8. Arthur J. Gallagher Risk Management Services, LLC is a limited liability company formed under the law of the State of Delaware with its principal place of business in Chicago, Illinois. Arthur J. Gallagher Risk Management Services, LLC's sole member is Arthur J. Gallagher & Co., which is incorporated in the State of Delaware with its principal place of business in the State of Illinois. Arthur J. Gallagher Risk Management Services, LLC is therefore a citizen of Delaware and Illinois.

9. Amwins is a limited liability company formed under the laws of the State of North Carolina with its principal place of business in Charlotte, North Carolina. Its sole member is AmWINS Holdings, LLC, a limited liability company, formed under the laws of the State of North Carolina with its principal place of business in Charlotte, North Carolina. Its sole member is Amwins Group, LLC, which is limited liability company formed under the laws of the State of Delaware with its principal place of business in the Charlotte, North Carolina. Its sole member is Amwins Group, Inc., which is incorporated in the State of Delaware with its principal place of

business in the Charlotte, North Carolina.  As such, Amwins Insurance Brokerage, LLC is a citizen of Delaware and North Carolina.

10. Obrien and Jackson have not been properly served and therefore are not considered for purposes of jurisdiction. 28 U.S.C. §1446(b)(2)(A).  Further, they have been fraudulently or improperly joined for the sole purpose of defeating federal jurisdiction.  Under the fraudulent joinder doctrine, a court must disregard the citizenship of a defendant where "there is no reasonable basis for predicting that plaintiffs might establish liability … against the in-state defendants." *Smallwood v Illinois Central R.R. Co.*, 385 F. 3d 568, 573 (5th Cir. 2004) (*en banc*).  According to Louisiana law, an employee discharging his or her employment-related duties cannot be held liable for alleged negligent acts, unless his or her acts caused bodily injury to the plaintiff. *See, e.g.*, *Brookshire Bros. Holding v. Total Containment, Inc.,* No. 04–1150, 2006 U.S. Dist. LEXIS 29746, at *10–12 (W.D. La. April 26, 2006)(J. Trimble); *C.C. Prine v. BASF Corp.*, No. 06-0966, 2006 WL 2294822, at *3 (W.D. La. Aug. 7, 2006)(M.J. Hayes); *see also Hibernia Cmty. Dev. Corp. v. U.S.E. Cmty. Servs. Grp., Inc.*, 166 F. Supp. 2d 511, 515 (E.D. La. 2001)(holding that no cause of action against employee for negligently performing employer's contractual obligations).  Plaintiffs have sued Obrien and Jackson for property damage.  As a result, this Court must disregard their citizenship for purposes of establishing jurisdiction.  Consequently, the parties are completely diverse in their citizenship and the Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332.  Amwins is therefore entitled to the removal of the claims of Plaintiff to federal court pursuant to 28 U.S.C. §1441.

11. This removal is filed within thirty (30) days of receipt of service of the Petition on Amwins.  Moreover, as required by 28 U.S.C. §1446( c)(1), this removal has been filed within one

year of the commencement of Plaintiffs' State Court Action, which occurred upon the filing of the Petition for Damages on August 25, 2023. (Exhibit 1, p.1).

12. This removal is made with Amwins reserving all rights to assert any and all defenses to the claim and to contest all damages asserted by Plaintiffs in this action.

13. Pursuant to 28 U.S.C. §1446(d), concurrently with the filing of this Notice of Removal, Defendant has provided appropriate notice of this removal to the Plaintiffs and to the Clerk of Court of the Civil District Court for the Parish of Orleans, State of Louisiana.

14. Pursuant to 28 U.S.C. §1446(a), Defendant attaches as Exhibit 4 a copy of all process, pleadings, and orders in the State Court Action that were served upon Defendant on October 6, 2023, through its agent for service of process, CT Corporation.

15. Pursuant to 28 U.S.C. §1447(b), Defendant will file or has filed simultaneously with this Court the following as part of Exhibit 5 a copy of all pleadings filed in State Court.

16. Pursuant to 28 U.S.C. §1447(b)(2)(A), StarStone Specialty Insurance Company and Arthur J. Gallagher Risk Management Services, LLC consent to the removal of this action. (Exhibit 6, Consents). The consent of John P. Obrien and William Jackson are unnecessary but has been obtained to the extent needed.

**WHEREFORE** Amwins Insurance Brokerage, LLC, through its counsel of record, hereby removes this action to the United States District Court for the Eastern District of Louisiana and

respectfully prays that this Honorable Court assume and maintain jurisdiction over all claims asserted in this action.

Respectfully submitted,

/s/ *Karen M. Dicke*
Karen M. Dicke (#24781)
Kristen L. Burge (#35686)
Shiena Marie N. Burke (#38850)
Lewis Brisbois Bisgaard & Smith, LLP
400 Poydras Street, Suite 1300
New Orleans, LA 70130
Tel. (504) 322-4100
Fax (504) 754-7569
Email: Karen.Dicke@lewisbrisbois.com
Kristen.Burge@lewisbrisbois.com
Shiena.Burke@lewisbrisbois.com

*Attorneys for Amwins Access Insurance Services, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 30, 2023, a copy of the foregoing pleading was served upon all counsel of record by depositing same in the United States mail at their last known address, first class postage prepaid, by facsimile transmission, and/or by ECF filing.

/s/ *Karen M. Dicke*